

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,546-01

### EX PARTE OLUSIJI OLUMIDE FAMULE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1348418-A IN THE 174TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to assault and was placed on deferred adjudication probation for four years. He was later adjudicated guilty and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that counsel at the guilty-plea stage failed to advise him of the deportation consequences of his plea. He also contends that counsel at the adjudication-of-guilt stage told him he did not have to worry about being deported.

Applicant has alleged facts that, if true, might entitle him to relief. *Padilla v. Kentucky*, 559

U.S. 356 (2010); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel at the adjudication-of-guilt stage to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first make findings of fact and conclusions of law as to whether Applicant's sentence has discharged and he is suffering collateral consequences. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c). The trial court shall then make findings and conclusions as to whether counsel at both the guilty-plea and adjudication-of-guilt stages were deficient and whether Applicant was prejudiced. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 20, 2019
Do not publish